JASON K. HICKS, ESQ.
Nevada Bar No. 13149
KYLE A. EWING, ESQ.
Nevada Bar No. 14051
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada  89135
Telephone:    (702) 792-3773
Email:     hicksja@gtlaw.com
               ewingk@gtlaw.com

DAVID DORMONT, ESQ.
*Admitted Pro Hac Vice*
**MONTGOMERY MCKRACKEN**
**WALKER & RHOADS, LLP**
1735 Market Street
Philadelphia, Pennsylvania  19103
Telephone:    (215)772-1500
Email:     ddormont@mmwr.com

*Attorneys for Creditor Interasian Digital*
*Technology Holdings Ltd.*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>JAMES M. PARK,<br><br>        Debtor. | Case 2:25-cv-00697-GMN<br>Consolidated with case 2:25-cv-00716<br><br>*Appeal from the Bankruptcy Court*<br>Nevada Bankruptcy Case No. 24-11788-abl<br>and Adversary Proceeding 24-01046-abl |
| INTERASIAN DIGITAL<br>TECHNOLOGY HOLDINGS LTD.;<br><br>        Appellant.<br>v.<br><br>ROBERT E. ATKINSON, Trustee;<br><br>        Appellee. | **STIPULATION AND ORDER TO**<br>**MODIFY PAGE LIMITS FOR THE**<br>**PARTIES' APPEAL BRIEFS** |

ACTIVE 712638821v1

1    Appellant Interasian Digital Technology Holdings Ltd. and Appellee Robert E. Atkinson, in

2    his capacity as a court-appointed trustee, submit this Stipulation and [PROPOSED] Order to Modify

3    the Page Limits for the Parties' Appeal Briefs.  This Stipulation is made pursuant to LR IA 6-2 and

4    LR 7-3(c), and the parties agree as follows:

5    1.    As set forth in previous stipulations, ECF Nos. 9, 10, this action is an appeal to this

6    Court from an order entered in the bankruptcy case of nonparty/debtor James Park, Case No. 24-

7    11788-ABL (the "Park Bankruptcy"), approving a settlement (the "Settlement Agreement") between

8    Park, the trustee (Appellee here), and a third party to the Park Bankruptcy, Paxi Park.

9    2.    Appellant Interasian was not a party to, nor did it consent to, the Settlement Agreement,

10   and on January 22, 2025, Appellant objected to the Motion to Approve.

11   3.    The Court nevertheless granted the Motion to Approve, and Interasian filed a Notice of

12   Appeal, resulting in the initiation of this action (the "Appeal").

13   4.    The Parties make this stipulation to seek additional pages to brief the Appeal.

14   5.    Appellant Interasian identified the following questions on appeal in its April 30, 2025,

15   Statement of Issues on Appeal:

16       a.  Did the Bankruptcy Court's approval of the proposed settlement between

17           the  Trustee,  the  Debtor,  and  the  Debtor's  daughter  violate

18           Appellant/Creditor Interasian's due process rights and the reasoning by the

19           United States Supreme Court in *Harrington v. Purdue Pharma, L.P.*, 603

20           U.S. 204 (2024) ("*Purdue Pharma*"), which prohibits non-consensual third-

21           party releases in analogous bankruptcy contexts, where (1) the daughter

22           obtained a substantial benefit from the release of Appellant's state court

23           claims against her, and (2) where the proposed settlement granted the

24           daughter a valid interest in the Debtor's real property even though she: (i)

25           was not scheduled as a creditor, (ii) failed to file a proof of claim asserting

26           an interest in the property at issue, and (iii) contributed little, if any, of her

27           own money to the settlement, while she (iv) obtained what amounts to a

28

discharge from Interasian's claim and a six-figure property interest in the Debtor's property, all despite the Debtor being denied a discharge?

    b.   Did the Bankruptcy Court's approval of the proposed settlement improperly prevent Appellant/Creditor Interasian from pursuing its pre-petition state court claims against the Debtor's daughter after denying Debtor a discharge under Section 727(a)(2) and/or Section 727(a)(4)(A) of the Bankruptcy Code, particularly when the Bankruptcy Court made the necessary factual findings to deny the Debtor a discharge before the settlement was agreed to, let alone approved?

**Ex. 1-A**, Statement of Issues on Appeal, on file with Bankruptcy Clerk, pp. 1-2.

    6.   Good cause to modify the presumptive page limits in LR 7-3(b) exists in this matter for the following reasons:

    a.   This Appeal raises novel and important issues regarding the application of the recent guidance in *Purdue Pharma*, made in the context of a Chapter 11 bankruptcy proceeding, to the facts of Park's underlying bankruptcy here, which was filed as a Chapter 7 proceeding;

    b.   Such underlying facts are complex and involve conduct that dates back to a judgment entered in New York in 2013, involve litigation by Appellant and debtor in several jurisdictions, and as relevant to the appeal, involve significant litigation and other activity during the several years preceding Park's bankruptcy filing in 2024; and

    c.   The record on appeal is therefore lengthy; Appellant and Appellee have together designated numerous ECF filings and transcripts from the Park Bankruptcy, including exhibits, as part of the record on Appeal, *see* **Exs. 1-B** and **1-C**; while Appellant does not anticipate citations to the entire record it designated for appeal, Appellant does expect to make significant record citations, and the additional pages sought here will ensure Appellant can provide a fulsome explanation of the relevance of such record citations to

ACTIVE 712638821v1

1   the determinations this Court must make (and that Appellee has sufficient

2   space to respond).

3   *See* **Ex. 1**, Ewing Decl., pp. 3-4.

4         7.    The parties seek an additional 6 pages for Appellant's opening brief (30 pages total),

5   an additional 6 pages for the Respondent's answering brief (30 pages total), and an additional 8 pages

6   for any reply brief (20 pages total).[1]

7         8.    The parties do not submit this stipulation for purposes of delay or other improper

8   purposes and believe that any additional pages used by Appellant or Appellee will assist the Court in

9   reaching its decision.

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  _____

26      [1] The page limits the parties request here are consistent with the page limits for motions for summary judgment under LR 7-3(a).  *See generally* LR 7-3.  The Local Rules do not appear to

27  contemplate specific treatment of page limits for appeals from the Bankruptcy Court.  *See id.*  While the parties agree the presumptive limits in LR 7-3(b) must therefore apply, the Appeal presented here

28  supports good cause to modify the deadlines to allow for longer briefs in the context of this particular appeal, to allow for fulsome discussion of the issues.

ACTIVE 712638821v1

NOW, THEREFORE, the Parties stipulate, subject to the Court's approval, to continue the briefing deadlines described above to the following dates:

1. Appellant shall have up to and including 30 pages for its opening brief.

2. Appellee shall have up to and including 30 pages for his answering brief.

3. Appellant shall have up to and including 20 pages for any reply brief.

**IT IS SO STIPULATED.**

Dated this 2nd day of July, 2025

**GREENBERG TRAURIG, LLP**

*/s/ Kyle Ewing*
_____
JASON K. HICKS, ESQ. Bar # 13149
KYLE A. EWING, ESQ. Bar #14051
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada  89135

*Attorneys for Appellant Interasian Digital Technology Holdings Ltd.*

Dated this 2nd day of July, 2025

**ATKINSON LAW ASSOCIATES LTD.**

*/s/ Robert E. Atkinson*
_____
ROBERT E. ATKINSON, ESQ., Bar No. 9958
376 E Warm Springs Rd Suite 130
Las Vegas, NV 89119

*Attorney for Appellee Robert E. Atkinson, Trustee*

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT COURT JUDGE

Date:  July 3, 2025
_____

ACTIVE 712638821v1